Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for Excessive Force Assault, Battery, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHRISTOPHER LOVE,

    Plaintiff,

v.

THE CITY OF NEW YORK,
POLICE OFFICER LUIS ECHVARRIA (SHIELD#4313)
POLICE OFFICER ANTHONY ESPINOSA (SHIELD #3422)

    Defendants.

**VERIFIED COMPLAINT**
JURY DEMAND AS TO ALL COUNTS

## INTRODUCTION

CHRISTOPHER LOVE ["LOVE"] a resident of New York County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of U.S.C. 1983: Excessive Force
2. Assault and Battery
3. Intentional Infliction of Emotional Distress
4. Violation of 42 U.S.C. 1983: Conspiracy
5. Negligence

## JURISDICTION

1. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983.

2. Supplemental jurisdiction over LOVE's pendent state law claims exists pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has complied with the requirements of New York General Municipal Law Section 50-H. LOVE made and served a notice of claim on all municipal defendants, within the time required by New York General Municipal Law Section 50-e. More than thirty days have elapsed since the service of those notices, and no offer of settlement has been made.

## VENUE

1. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York, the judicial district in which the claims arose, in which LOVE currently resides, and in which defendants NYPD, namely 43rd Precinct, conduct their business and where the underlying incident alleged occurred.

## JURY DEMAND

1. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

1. Plaintiff LOVE is, and at all times material to this Complaint was, a citizen and resident of the State of New York. He resides in New York, NY.

2. Defendant City of New York is a properly incorporated municipality for and under the purposes of Monell and its progeny.

3. Police Officer Luis Echvarria, "ECHVARRIA" at all times since the instant allegations arose was a police officer of the NYPD.

4. Police Officer Anthony Espinosa, "ESPINOSA" at all times since the instant allegations arose was a police officer of the NYPD.

## FACTS

1. On or about September 8, 2014 LOVE was inside of 1314 Virginia Avenue in Bronx County visiting a friend.

2. LOVE was in the staircase near the 3rd floor landing coming down the stairs to exit the building while smoking.

3. Upon coming down the stairs, LOVE heard individuals coming up the stairs whom he believed to be police officers, and exited the staircase, as he was aware he was not supposed to be smoking in the building.

4. Upon exiting the staircase and going into the hallway, LOVE encountered several individuals of the NYPD, including ECHVARRIA and ESPINOSA.

5. Without provocation or evincing any violent behavior towards the above referenced Police Officers, LOVE was approached by the officers and repeatedly kicked and punched about the head and body.

6. After LOVE was beaten for several minutes, by numerous officers, he was subsequently handcuffed, and brought down to the awaiting police vehicle, bruised and bloodied.

7. LOVE was taken to the 43rd Precinct in Bronx County and upon the NYPD superiors witnessing his physical state, was taken to Jacobi Hospital where he was treated and kept overnight.

8. LOVE was diagnosed and treated for a broken nose, concussion like symptoms and other bruises and abrasions.

9. LOVE was released from Jacobi Hospital the following day, still in police custody, and brought to Central Booking.

10. LOVE was arraigned on or about September 10, 2014 and charged with Felony Assault (of a Police Officer), Burglary, Criminal Trespass, Unlawful Possession of Marijuana, Resisting Arrest and other related misdemeanors..

11. Professing his innocence with regards to all charges involving any violence towards any police officers, LOVE went back and forth to court for over two years awaiting trial..

12. LOVE eventually plead guilty to the non-criminal charge of Trespass, a violation. All other charges, including, most notably, the felony assault charges, Burglary, Criminal Trespass, Unlawful Possession of Marijuana, and Resisting Arrest were all DIMISSED on October 26, 2016.

13. LOVE was caused to suffer severe physical injury as a result of the instant incident.

14. LOVE has needed medical attention due to the actions of Defendants.

15. LOVE has suffered severe emotional distress s a result of this incident.

16. NYPD officers systematically, and without care or regard for the well-being of LOVE acted maliciously, purposely, and with intent of causing significant injury causing injury to LOVE.

## DAMAGES

1. The actions of the defendants deprived plaintiff LOVE of his civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the laws and Constitution of the State of New York.

2. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused LOVE the following injuries and damages, which continue to date and will continue into the future: multiple physical assaults and batteries, including

pain and suffering; severe mental anguish; humiliation, indignities and embarrassment; degradation; permanent loss of natural psychological development for which he is entitled monetary relief.

3. Finally, and more specifically, Defendants have caused LOVE to suffer significant injury to his face, in the form of a broken nose, requiring extensive medical attention.

4. All the acts and omissions committed by the Defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages.

## COUNT 1

### 42 U.S.C. § 1983 Excessive Force
### As Against All Defendants

1. LOVE hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

2. Defendants, despite knowing that probable cause did not exist, arrested and prosecuted LOVE.

3. Excessive force was used, to whit Defendant suffered significant injuries at the hands of the NYPD Police Officers in question.

4. Case law permits the resistance of an unlawful arrest, given the lack of a presumption of probable cause would present that ANY resistance of this arrest would have been appropriate and as a result and force to meet said resistance must undoubtedly fail the test of legality.

5. Furthermore, there was no finding of resistance in this matter, and as a result, the Court should find, given the injuries, that force was used, and that said force was unreasonable.

6. Defendants ECHVARRIA and ESPINOSA are liable as they directly caused the injuries to LOVE with the assistance of their cohorts.

7. Defendant City of New York, under Monell, is liable under the theory:

   I. The above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v. County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally constructive knowledge of a practice is sufficient for liability. Here there have been a multitude of excessive force claims in this district alone, and more specifically against this defendant... as such the Court should properly take an inference of knowledge against this instant Defendant.

   II. IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers' misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canton v. Harris, 489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to brutally injure, beat, and disfigure citizens the proliferation of such events would clearly seem to state otherwise.

8. As a direct and proximate result of the defendants' actions, LOVE suffered physical harm and injury.

## COUNT II

## 42 U.S.C. § 1983 Claim for ASSAULT & BATTERY

1. LOVE hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

2. LOVE was physically assaulted and battered by ECHVARRIA and ESPINOSA, as he was beat about the face and body, with repeated kicks and punches.

3. The physical attack was not privileged nor was there any cause for said attack, nor was said physical aggression part of any lawful arrest.

4. ECHVARRIA and ESPINOSA are personally liable and professionally liable as a result of personally engaging in this attack.

5. Defendant New York City is liable under a Monell claim as follows:

- As a theory of Respondeat Superior as to any and all state claims.
- Defendant City of New York, under Monell, is liable under the theory

    III. Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147. In that the NYPD has been found to have a policy of stop and frisk which illegally targets persons of color for illegal stops searches and seizures of their person. See Floyd v. City of New York, 959 F Supp. 2d 540. Arguably an Illegal stop and search clearly constitute an assault/battery as such we would present prior case law within this District note a history of an official policy, we ask the Court take judicial notice of Floyd.

    IV. IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v. County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally

constructive knowledge of a practice is sufficient for liability. We would ask the Court take judicial notice of Floyd, regarding this custom and practice.

V. IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers' misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canton v. Harris, 489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to brutally injure, beat, and disfigure citizens the proliferation of such events would clearly seem to state otherwise.

## COUNT III

### 42 U.S.C. § 1983 Claim for Supervisory Liability
### Against CITY OF NEW YORK

1. LOVE hereby incorporates by reference all of the foregoing paragraphs and further states as follows.

2. Defendant acted with deliberate indifference, recklessness, and/or gross negligence to the constitutional rights of citizens by failing to provide adequate training, supervision, and discipline of its agents, and thereby caused LOVE'S rights to due process, and rights against unlawful search and seizure, were violated.

3. The deliberately indifferent, reckless, and/or grossly negligent conduct of Defendants violated a clearly established duty.

4. Defendant's actions and omissions proximately and directly caused LOVE to be physically and psychologically injured.

### COUNT IV

### 42 U.S.C. § 1983 Claim for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. LOVE hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

2. By their conduct and under color of state law, Defendants and Supervisors had opportunities to intercede on behalf of LOVE to prevent an arrestee not to be subjected to assault and battery through the use of excessive force.

3. LOVE was assaulted and battered to the point where he needed medical attention from health care professionals at Jacobi Medical Center in Bronx County.

4. The Defendants' failures caused extreme emotional distress, causing psychological damage and pain leading to anxiety, depression, lack of sleep, and insomnia.

5. As a direct and proximate result of the Defendants' failures, LOVE was injured and suffered the other grievous and continuing injuries and damages as set forth above.

6. Defendant City of New York, under Monell, is liable under the theory:

  VI. Officially promulgated policy, under Lanier V. Woodburn, 518 F3d 1147. In the that the NYPD has been found to have a policy of stop and frisk which illegally targets persons of color for illegal stops searches and seizures of their person. See Floyd v. City of New York, 959 F Supp. 2d

VII. IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v. County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally constructive knowledge of a practice is sufficient for liability. We would ask the Court take judicial notice of Floyd, regarding this custom and practice.

VIII. IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canton v. Harris, 489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to brutally injure, beat, and disfigure citizens the proliferation of such events would clearly seem to state otherwise.

## COUNT V

### 42 U.S.C. § 1983 Civil Rights Conspiracy Claim

1. LOVE hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

2. Defendants, and others yet unknown agreed among themselves and with other individuals to act in concert in order to deprive LOVE of her clearly established Fourth, Fifth, and Fourteenth Amendment rights.

3. In furtherance of the conspiracy the defendants engaged in and facilitated numerous overt acts, including, without limitation, the following:
    i. Defendants illegally stopped LOVE.
    ii. Defendants kicked and punched LOVE in the face repeatedly, and throughout his body.
    iii. Defendant's took LOVE into custody.
    iv. At all times and in ALL ACTIONS Defendants acted in concert, and with a clear intention to act as a single unit in the furtherance of the assault described in this instant complaint.

## COUNT VI

### Respondeat Superior Claim Against CITY OF NEW YORK

1. LOVE hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

2. At all times relevant to this complaint Defendants ECHVARRIA and ESPINOSA acted as an agent of, and in the scope of his employment with, Defendant City of New York. The conduct by which Defendants ECHVARRIA and ESPINOSA committed the torts of intentional, or reckless infliction of emotional distress, and negligent infliction of emotional distress was undertaken while

ECHVARRIA and ESPINOSA were carrying out their routine function as a POLICE OFFICER, and was engaged in such conduct as would have been reasonably expected by, and was in fact foreseen by, his employer.

3. New York City is liable for ECHAVARRIA and ESPINOSA's state law torts of malicious prosecution, intentional or reckless infliction of emotional distress, and negligent infliction of emotional distress under the doctrine of respondeat superior.

**WHEREFORE,** Plaintiff LOVE prays as follows:

i. That the Court award compensatory damages to him and against the defendants, jointly and severally, in the amount of $5,000,000.00

ii. That the Court award punitive damages to him, and against all non-municipal defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

iii. For a trial by jury;

iv. For pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

v. For any and all other relief to which he may be entitled.

Respectfully submitted,

Christopher Love
By his attorney
November 9, 2016

_____
Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

_____
CHRISTOPHER LOVE

Subscribed and sworn to before me, this 9th day of November 2016

_____
Notary Public

RICHARD NEWFIELD
NOTARY PUBLIC, State of New York
No. 04NE6157982
Qualified in Bronx County
Commission Expires Dec. 11, 2018